UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                              **Hon. Hugh B. Scott**

                                              03CR33A

v.

                                              **DECISION
&
ORDER**

Carlos Garcia-Benitez et al.,

                Defendants.

The following defendants have filed omnibus motions which are pending before the Court: Jose "Tiso" Santiago (Docket No. 244); Aneudi Gomez (Docket No. 249); Lizbelia Cruz (Docket No. 286); Pedro DeJesus (Docket No. 287); Joel Navarro (Docket No. 294); Daniel Rivera (Docket No. 295); and Jose Torres-Burgos (Docket No. 302). Defendant Aneudi Bomez also filed a motion joining the motions of DeJesus, Navarro and Rivera (Docket Nos. 290 and 297). Defendants Luis Pena (Docket No. 298) and Jose Santiago (Docket No. 299) also join the motions filed by Navarro and Rivera.[1]

---

[1] The defendants' motions to suppress evidence are the subject of a separate Report & Recommendation.

1

**Background**

On February 11, 2003, a federal grand jury returned a three-count indictment charging the defendants Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Francisco Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Luis Santiago, Jose Rodriguez, Aneudi Gomez, Jose R.. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera and Lizbelia Cruz in a series of conspiracies to sell illegal drugs in violation of 21 U.S.C. §§841 and 846.  A superceding indictment waw returned on April 29, 2003, adding Jose A. Torres-Burgos, Lazaro Burgos, Angel M. Cruz, Ismael Colon and Daniel Rivera. This indictment charged Ezequiel Rodriguez in place of Jose Rodriguez.  On May 6, 2004, the grand jury returned a six count indictment adding Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena and Miguel A. Pena, Jr. as defendants.

**Rule 16 Discovery**

The defendants seek disclosure of various categories of discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.   It appears that the government has provided, or agreed to provide much of the information sought in the respective requests.

At oral argument, the defendants raised only a single outstanding discovery issue regarding the disclosure of certain search warrant and wire tap applications. The government has produced, or has agreed to produce,  copies of the search warrants and wire tap applications issued out of the Western District of New York in connection with this case.  The defendants also sought to require the government to produce copies of various search warrant and wire tap applications filed in a separate action in the Southern District of New York.  The defendants

assert that much of the information contained in the warrant applications submitted in this District was first contained in the applications filed in the Southern District. It appears that the eavesdrop applications filed in this District do contain information that was obtained as a result of wiretaps authorized by the Judges in the Southern District. The government argues that the defendants lack standing to require the disclosure of these applications.

The defendants have not demonstrated that they have standing to seek to suppress the Southern District wire taps inasmuch as they are not "aggrieved persons" with respect to those wire taps as defined under 18 U.S.C. §§2518(10)(a) and 2510(11). However, the defendants seek disclosure of the Southern District wire tape applications, not suppression of those applications. Pursuant to 18 U.S.C. § 2518(8)(b), "[a]pplications made and orders [relating to wire taps] shall be sealed by the judge. Custody of the applications and orders shall be wherever the judge directs. Such applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction and shall not be destroyed except on order of the issuing or denying judge, and in any event shall be kept for ten years." The defendants have not demonstrated good cause warranting the disclosure of the eavesdrop applications filed in the Southern District. The defendants were not targets or named suspects or otherwise persons against whom the Southern District wire taps were granted. The government has represented that none of the defendants in this matter were participants in any conversations intercepted pursuant to the Southern District wire taps. The government has further represented that it does not intend to use any communications intercepted pursuant to the Southern District wire taps at trial against any of the moving defendants in this case. Finally, the Court is not persuaded that the defendants must review the Southern District wire tap applications in order to properly move to suppress the

eavesdrop warrants issued by the Western District of New York in this case.  Although some of the information contained in the applications seeking wire taps in this case may have been obtained as the result of warrants executed in other investigations, the validity of the eavesdrop warrants issued in this case must be judged by review of the warrant applications, testimony and supporting materials presented to the issuing Judge.  In this case, the defendants have set forth only conclusory and speculative arguments relating to the need to inspect the Southern District warrant applications.  This is insufficient to warrant the unsealing and disclosure of the eavesdrop applications issued outside of the Western District of New York.

## Brady & Jencks  Material

Several of the defendants have requested that the government disclose all materials potentially favorable to the defendants, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendants' respective motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The government has represented that it is not in possession of any 'exculpatory' material within the

contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material. (Docket No. 301 at page 10).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case, balancing all of the above factors, the Court concludes that disclosure of such impeachment-Brady material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair

opportunity to utilize the information at trial) is sufficient in this case.

With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

### Rule 404 Evidence

The defendants request disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The government has represented that it has produced copies of the defendants' respective criminal histories and that if a defendant testifies at trial, the government intends to use whatever conviction the trial court determines are admissible to attack his or her credibility.  (Docket No. 310 at page 12-13).

### Rule 608 & 609

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.  The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he or she elect to testify. See United States  v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song,

1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).  Further, to the extent the defendants seek a limitation of cross-examination of the defendants under Rules 608 and 609, that issue is better determined by the District Court Judge presiding at trial.

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, and upon the discovery and information already provided or promised in this case (including some particularization produced by the government, the disclosure of the entirety of the wire taps along with summaries of calls intercepted, log sheets, and a list of all known conspirators), the defendants have not demonstrated that a bill of particulars is required to protect them from double jeopardy or to enable them to adequately prepare a defense and avoid surprise at trial.

**Statements by Non-Testifying Co-Conspirators**

The defendants seek to exclude all post-arrest statements of by non-testifying co-conspirators pursuant to Bruton v. United States, 391 U.S. 123 (1968). The government represents that it does not intend to offer any such statements at trial in this case. (Docket No. 301 at page 13).

**Statements by the Defendant**

Several defendants have requested that the government provide them with any statements in the government's possession which are attributed to them in connection with the underlying charges. The government shall produce such statements, if any, if not already produced.

**Rule 12 Notice**

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, several of the defendants have requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. If not already produced, the government shall produce a Rule 12 statement to each of the defendants.

**Identity of Informants**

Several defendants seek the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential

to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Rule 16 does not require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990). The defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their defense. This request is denied.

### Disclosure of Grand Jury Proceedings

Several defendants also seeks disclosure of the grand jury minutes and proceedings. There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court. (See  Fed.R.Crim.P. 6(e)). A party seeking disclosure of grand jury proceedings bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982). Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at

233.

Although the Court is aware that defendants' counsel have not been provided with access to the Grand Jury records in this case, the defendants have not articulated any basis to controvert the presumption of regularity in the grand jury proceedings in this case.  These requests are denied.

### Preservation of Evidence and Rough Notes

Several of the defendants have requested the preservation of rough notes and other evidence taken by law enforcement agents involved.  The government is directed to preserve such information.

### Motion for Severance & Immediate Trial

Defendant Torres-Burgos seeks to sever his case from his co-defendants.  Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented.  See United States v. Hennings, 1997 WL 714250 (W.D.N.Y. 1997); United States v. Vona, 842 F.Supp. 1534 (W.D.N.Y. 1994).

Similarly, the determination to schedule an immediate trial for Torres-Burgos must be made by the District Court Judge who will preside over the trial in this matter.

### Active Voir Dire, Cross-Examination of Experts, Limiting Cross-Examination, Hearsay

Several defendants have requested leave to cross-examine any government witnesses outside the presence of the jury, to limit cross-examination and to have an active role in the voir

dire process. These issues are more appropriately determined by the District Court Judge presiding over the trial in this matter.

**Audibility**

Several defendants seek audibility hearings regarding tape recordings the government intends to use at trial. The government does not oppose this request. If, after having an opportunity to listen to any such recordings, defense counsel believes an audibility hearing is warranted, counsel is directed to notify the court so that such a hearing can be scheduled.

**Conclusion**

For the reasons stated above, the respective omnibus motions (Docket Nos.244, 249, 286, 287, 290, 294, 295, 297, 298, 299, and 302, ) are granted in part and denied in part consistent with the above.

So Ordered.

s/ Hon. Hugh B. Scott
United States Magistrate Judge

July 21, 2005
Buffalo, New York